IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVON D. GRAY,

   Petitioner,

v.                                                                                    Civil Action No.:  DKC-23-2779

STATE OF MARYLAND,

   Respondent.

**MEMORANDUM OPINION**

This case was initiated upon receipt of correspondence from Petitioner Davon D. Gray on October 12, 2023.  Mr. Gray states that he seeks to pursue federal habeas relief and encloses two post-conviction petitions that he filed in Maryland state court (ECF Nos. 1, 1-1), which he states are still pending.  ECF No. 1-3.  He inquires whether he should wait until his post-conviction proceedings are concluded in state court.  As described below, the answer is "yes."[1]

The state post-conviction petitions attached to Mr. Gray's letter challenge the validity of his convictions for first-degree rape, armed robbery, and use of a firearm in commission of a felony or crime of violence in Case No. 133893C in the Circuit Court for Montgomery County, Maryland.  ECF Nos. 1, 1-1.  Mr. Gray has not paid the filing fee nor filed a motion to proceed *in forma pauperis* seeking its waiver.  However, Mr. Gray will not be required to correct this deficiency at this time because the court will dismiss the Petition without prejudice for the reasons that follow.

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state

---

[1] Because Petitioner raised the issue himself, making the failure to exhaust apparent on the face of the complaint, the court may dismiss *sua sponte*. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland (formerly the Court of Special of Appeals) and then to the Supreme Court of Maryland (formerly the Court of Appeals) by way of a Petition for Writ of Certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. Art. ("CJP") § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court. *See* CJP § 12-302(e). If the Appellate Court denies the application, there is no further review available and the claim is exhausted. *See* CJP § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Mr. Gray must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Mr. Gray must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal, which in this case are ongoing. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Mr. Gray was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court. *See* Md. Code Ann., Crim. Proc. Art. § 7-109. If the Appellate Court denies the application, there is no further review available and the claim is exhausted. *See* CJP § 12-202. However, if the application is granted, but relief on the merits of the claim is denied, Mr. Gray must file a petition for writ of certiorari to the Supreme Court of Maryland. *See Williams, supra*. Based on the information provided by Mr. Gray, the Circuit Court has yet to rule on his

post-conviction petition and thus the claims presented there, which Mr. Gray also seeks to raise before this court, are unexhausted.

Mr. Gray is forewarned that he must comply with a one-year filing deadline to file a petition with this court following exhaustion of his claims. The one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that while a properly filed post-conviction petition is pending, the one-year time limitation for federal habeas corpus will not continue to run. However, once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Mr. Gray has to seek federal habeas corpus review. Given these constraints, the instant Petition will be dismissed without prejudice to accord Mr. Gray adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Mr. Gray fails to meet this standard and a Certificate of Appealability shall not issue.

A separate order will follow.

November 14, 2023

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge